**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2046**

FIRST BANKERS CORPORATION,

            Plaintiff - Appellee,

      v.

WATER WITCH FIRE COMPANY, INCORPORATED,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:09-cv-00975-RDB)

Submitted:  June 14, 2011              Decided:  July 22, 2011

Before TRAXLER, Chief Judge, and NIEMEYER and KING, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Roger N. Powell, Pikesville, Maryland, for Appellant.   Geoffrey
H. Genth, Mary Beth Ewen, KRAMON & GRAHAM, P.A., Baltimore,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Water Witch Fire Company, Incorporated appeals a judgment against it in an action brought by First Bankers Corporation ("FBC"), contending that the district court lacked subject-matter jurisdiction. Finding no error, we affirm.

FBC is an Indiana-based business that finances fire companies' equipment leases, and Water Witch is a Maryland volunteer fire company. In May 2007, FBC and Water Witch entered into both a lease and option agreement and an escrow agreement. Pursuant to these agreements, Water Witch leased a fire truck from FBC and FBC deposited into escrow $200,000, which was to be paid to the truck's manufacturer. Water Witch subsequently found an alternative financing source, however, and failed to make lease payments to FBC when they began to become due on September 1, 2008.

On October 15, 2008, Water Witch, through its attorney, Roger Powell, sent FBC's principal, John Hill, a proposed release of the escrowed funds. On October 29, 2008, Hill replied via e-mail that the release's terms were "one-sided and unacceptable" and suggested that the parties' principals and attorneys participate in a conference call in an attempt to resolve their differences. J.A. 61. When Water Witch did not respond, Hill sent Powell another e-mail on November 6, which stated that, absent a resolution, FBC would sue Water Witch in

2

federal court.  When Water Witch again failed to respond, FBC's counsel, Geoffrey Genth, sent Powell a letter dated December 3 stating that FBC considered the escrow agreement to have terminated and that FBC regarded Water Witch as having abandoned any claim to the funds therein.  The letter informed Water Witch that FBC would disburse the funds "in short order" and asked Water Witch to provide written notice on or before December 16 if it disputed FBC's right to do so.  J.A. 65.

On December 9, Powell sent Genth a letter outlining some of Water Witch's positions but not conceding FBC's right to dispute the funds.  Genth then responded with a letter dated December 12 stating that he did "not read [Water Witch's] December 9 letter as disputing that right of [FBC]" and stating that FBC "will proceed accordingly, absent some contrary written indication from [Powell] . . . on or before December 16."  J.A. 71.  On December 17, Powell responded with a letter to Genth stating

> Respectfully, I have no idea what "you are talking about" in your December 12, 2008 letter.
>
> What your letter does not do is respond to your fiduciary responsibilities nor does it respond to the pertinent portions of my letter of December 9, 2008.
>
> Whatever you do, you proceed at your own peril subject to my client's rights.

J.A. 73.

3

Having not received the confirmation that it sought, on February 9, 2009, FBC filed suit against Water Witch in Maryland state court. When Water Witch filed a request for jury trial, however, FBC filed a notice of voluntary dismissal without prejudice.

On April 16, 2009, FBC filed this action in federal district court on the basis of diversity jurisdiction. The complaint requests a declaratory judgment declaring that the parties' escrow agreement terminated according to its terms on October 15, 2008, and thus that FBC no longer has any obligations or liabilities in connection with the funds that were in the account. It also asserts a cause of action for breach of contract and requests an award of money damages.

Water Witch moved to dismiss the suit for lack of subject-matter jurisdiction, arguing that there was no actual controversy regarding the escrow agreement and the amount in controversy in the breach of contract claim was less than $75,000. See Fed. R. Civ. P. 12(b)(1).

The district court denied the motion, reasoning:

> In this case, a declaration concerning the rights under the escrow fund would yield a pecuniary result in excess of $200,000 for one of the parties. Although Water Witch asserts that it has agreed to release the escrow monies and accrued interest to [FBC], the Complaint and [FBC's] Memorandum make clear that this offer was insufficient to convince [FBC] that Water Witch had abandoned all potential claims or counterclaims regarding the Escrow Agreement.

4

J.A. 84-85.

After the district court denied Water Witch's motion, Water Witch filed an answer and asserted a counterclaim alleging fraud by FBC. FBC subsequently moved for, and was granted, summary judgment both on its claims and on Water Witch's counterclaim. The district court awarded FBC damages for Water Witch's breach as well as attorneys' fees and costs. The court also entered an order declaring that the escrow agreement terminated on October 15, 2008.

Water Witch now appeals, again arguing that the district court lacked jurisdiction because there was no actual controversy over the escrowed funds. See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004) (holding that for a district court to exercise jurisdiction over a declaratory judgment action, the complaint must allege "an 'actual controversy' between the parties 'of sufficient immediacy and reality to warrant issuance of a declaratory judgment'" (quoting 28 U.S.C. § 2201)). Without so much as acknowledging the factual basis that the district court gave for its ruling, Water Witch conclusorily maintains that it in fact offered to release the funds in October 2008.

Finding no error, we affirm on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

5

materials before the court and argument would not aid the decisional process.

AFFIRMED